S. B. NETTLES v. THE SHERIFF et als.

By article 2341, dotal immovables may be sold " for the purpose of liberating from jail either husband or wife," &c.

APPEAL from the District Court of East Feliciana, McVea, J.
D. B. Sanford, for plaintiff and appellant. Muse & Hunter, for defendants.

VOORHIES, J. The plaintiff, a married woman, gave her note to the seizing creditors, who are attorneys-at-law, for the purpose of defending her husband, who was then confined in jail on a charge of manslaughter.

The question is, whether she is bound by such a contract.

St. J. Association
v.
Magnier.

NETTLES
v.
SHERIFF.

The husband and wife owe to each other support and assistance. C. C. 121. She bears a proportion of the marriage charges, equal, if need be, to one-half of her income, when all her property is paraphernal, and she has reserved to herself its administration. C. C. 2366. When separated in property, she contributes to the expenses of the marriage to the amount of one-half of her income, C. C. 2397. And if there remains nothing to the husband, the wife, who has obtained the separation, is bound for all the household expenses and for those incurred for the education of the children. C. C. 2409. Lastly, she can alienate even her immovables in all cases where the alienation of the dotal property is permitted. C. C. 2411.

Now, by Art. 2341 of the Civil Code, dotal immovables may be sold "for the purpose of liberating from jail either husband or wife," etc... If the wife can alienate her dotal and paraphernal property for such purpose, it is because a contract to that effect is legal and binding upon her. (See Gilbert, Code Civil Annoté, notes to Art. 1558 of the N. C.)

The charge of fraud preferred against the creditors is wholly unsupported by proof.

Judgment affirmed.

LAND, J., absent, concurring.